**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

MARLITA AYESHA WILLIAMS, )
)
          Petitioner, )
)
v. ) 1:12CV1281
)
REUBEN YOUNG, )
)
          Respondent. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) On September 24, 2009, in the Superior Court of Hoke County, Petitioner pleaded guilty to attempted robbery with a dangerous weapon, possession of a stolen motor vehicle, larceny of a motor vehicle, attempted larceny, possession of stolen goods/property, two counts of breaking or entering a motor vehicle, two counts of misdemeanor larceny, financial card fraud, conspiracy to commit financial transaction fraud and conspiracy to commit robbery with a dangerous weapon in cases 08 CRS 1970 through 1976, 52049 and 52061. (Docket Entry 1, ¶¶ 1, 2, 4-6; see also Docket Entry 5, Exs. 1, 3.) In accordance with the plea arrangement, the trial court sentenced Petitioner in the presumptive range to 94 to 122 months in prison. (Docket Entry 1, ¶ 3; see also Docket Entry 5, Exs. 1, 3.) Petitioner did not pursue a direct appeal of her convictions. (Docket Entry 1, ¶ 8.)

Petitioner states that, on an unidentified date after her convictions, she contacted the state trial court regarding an

alleged error in the calculation of her prior record level for sentencing purposes. (Docket Entry 1, ¶ 11(a)(5).) On January 12, 2012, the state trial court issued an amended judgment and commitment form changing Petitioner's prior record points from 9 to 8 and her corresponding prior record level from IV to III. (Docket Entry 5, Ex. 3.) The state trial court re-sentenced Petitioner to the same 94 to 122 month sentence. (Id.)

Petitioner thereafter submitted a pro se motion for appropriate relief ("MAR") to the state trial court (Docket Entry 5, Ex. 2), which she dated as signed on July 5, 2012 (id. at 6, 7),[1] and which that court stamped as filed on July 13, 2012 (id. at 2). The state trial court denied the MAR by order dated September 4, 2012, and filed September 7, 2012. (Docket Entry 1 at 24.) Although Petitioner checked the box on her instant Petition for "Yes" in response to the question of whether she appealed the denial of her MAR in the state appellate courts (see Docket Entry 1, ¶ 12(d)(4)), her response to the further directive to identify the court to which she so appealed reflects that she did not pursue the matter beyond the state trial court level (see Docket Entry 1, ¶ 12(d)(6)).

Petitioner subsequently filed her Petition in this Court (Docket Entry 1), which she dated as signed on November 20, 2012

---

[1] For attachments to Respondent's memorandum in support of his motion for summary judgment, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

(id. at 16),[2] and which the Court stamped as filed on November 29, 2012 (id. at 1). Respondent moved for summary judgment on the merits (Docket Entry 4) and the Clerk of Court sent Petitioner a notice of her right to respond pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (see Docket Entries dated January 24, 3013). Petitioner has not filed a response in opposition. (See Docket Entries dated Dec. 18, 2012, to present).

## Claims

Petitioner raises three claims for relief in her Petition, all of which arise out of the same claimed error: (1) violation of her Sixth Amendment rights in that her trial counsel erred in calculating her prior record level resulting in Petitioner's plea to an unauthorized sentence outside of the presumptive range for her prior record level and class of offense; (2) ineffective assistance of her trial counsel based on the same facts; and (3) excessive punishment based on the same facts. (Docket Entry 1 at 5, 7, 8.)

## Standard of Review

Where a state trial court adjudicated a petitioner's claims on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal

---

[2] For portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

-3-

law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts.  A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court.  <u>Williams v. Taylor</u>, 529 U.S. 362, 406 (2000).  A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case."  <u>Id.</u> at 407.  "Unreasonable" does not mean simply "incorrect" or "erroneous" and the Court must judge the reasonableness of the state court's decision from an objective, rather than subjective, standpoint.  <u>Id.</u> at 409-11.  Finally, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## Discussion

Petitioner claims that, when the state trial court issued an amended judgment and commitment form correcting her prior record level from IV to III, it erred by re-sentencing her to the same 94 to 122 month sentence, because such a sentence lies outside the presumptive range for her corrected record level (III) and class of offense (class D felony).  (Docket Entry 1 at 3-4, 6, 9-10.) Petitioner further contends that the trial court should have

-4-

sentenced her to 82 to 103 months in prison, which she believes constituted the presumptive sentencing range for a class D felony and a prior record level of III. (Id. at 4.) Arising out of this claimed error, Petitioner argues that her trial counsel violated her Sixth Amendment rights and provided ineffective assistance by stipulating to the incorrect prior record level and that the state trial court imposed "excessive punishment" by sentencing her outside of the authorized range and in violation of her plea deal. (Id. at 5, 7, 8.)[3]

Petitioner raised the substance of these claims in her MAR (Docket Entry 5, Ex. 2) and the state trial court summarily denied them on the merits (Docket Entry 2 at 24), such that this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. See Harrington v. Richter, ___ U.S. ___, ___, 131 S. Ct. 770, 784-85 (2011).

Here, the state trial court's order clearly holds up to this deferential standard of review. Petitioner committed the offenses at issue in the instant Petition on August 28, 29, and 30, 2008 (see Docket Entry 5, Ex. 3), and thus, the 2007 version of the Structured Sentencing Act ("SSA") applied to her case. See N.C. Gen. Stat. § 15A-1340.17 (2007); see also S.L. 1997-80, § 16 ("This

---

[3] Petitioner has failed to exhaust her state court remedies with respect to these claims, as she did not raise them on direct appeal and, so far as the record reflects, did not seek review of her MAR's denial in the North Carolina Court of Appeals. See Robinson v. Lewis, No. 5:12-HC-2021-F, 2013 WL 1182658, at *6 (E.D.N.C. Mar. 21, 2013) (unpublished) (holding state remedies exhausted by either pursuing a direct appeal through the North Carolina Supreme Court or by filing a MAR in the state trial court and appealing its denial to the North Carolina Court of Appeals); Simpson v. Branker, No. 3:11-cv-348-RJC, 2012 WL 4321294, at *3 (W.D.N.C. Sept. 20, 2012) (unpublished) (same). Nevertheless, the Court may deny unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2).

act becomes effective December 1, 1997, and applies to offenses committed on or after that date.") In the chart in the 2007 version of § 15A-1340.17(c), 94 months falls in the middle of the presumptive sentencing range for a prior record level of III and a class D felony. In § 15A-1340.17(e), the maximum sentence corresponding to a minimum term of 94 months is 122 months. In her plea arrangement, Petitioner agreed to a term of 94 to 122 months in prison, without any specification as to whether the sentence must be in the lower, middle or high end of the presumptive range. (Docket Entry 5, Ex. 1 at 3.) As 94 months remained in the presumptive range of sentences for a class D felony, notwithstanding the decrease in Petitioner's prior record level from IV to III, the state trial court did not err in sentencing Petitioner to the same 94 to 122 month prison term and any initial error as to her prior record level did not result in an unauthorized sentence or excessive punishment.[4]

As a result, the state trial court's decision rejecting Petitioner's claims was neither contrary to nor an unreasonable application of established Supreme Court precedent and was not based on an unreasonable determination of the facts from the record. The Petition thus fails as a matter of law.

---

[4] The sentence to which Petitioner claims entitlement, i.e., 82 to 103 months (see Docket Entry 1 at 4), represents the very lowest possible sentence in the presumptive range for a class D felony and a prior record level of III in the 2007 version of the SSA. See N.C. Gen. Stat. § 15A-1340.17(c) (2007). However, Petitioner's plea arrangement did not guarantee her the lowest possible sentence in the presumptive range. (See Docket Entry 5, Ex. 1 at 3.)

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 4) be **GRANTED,** that the Petition (Docket Entry 1) be **DENIED,** and that this action be **DISMISSED** pursuant to a contemporaneously entered Judgment.

                                              /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                                    **United States Magistrate Judge**

September 6, 2013